UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re
                JOSEPH E. BURAN                              05-11957 B


                        Debtor                      <u>DECISION & ORDER</u>
----------------------------------------------------
                        Hodgson Russ LLP
                        Garry M. Graber, Esq., of counsel
                        Julia S. Kreher, Esq., of counsel
                        One M&T Plaza, Suite 2000
                        Buffalo, New York 14203-2391
                        Attorneys for the Official Creditors Committee

                        Gross, Shuman, Brizdle & Gilfillan, P.C.
                        Robert J. Feldman, Esq., of counsel
                        465 Main Street, Suite 600
                        Buffalo, New York 14203
                        Attorneys for the Debtor

                        Damon & Morey LLP
                        William F. Savino, Esq., of counsel
                        298 Main Street, Suite 1000
                        Buffalo, New York 14202
                        Attorneys for Amherst Medical Park, Inc.

Bucki, U.S.B.J.

        In this chapter 11 proceeding, the debtor objects to a request from the

Official Committee of Unsecured Creditors for an order authorizing the retention

of counsel.   The essence of the dispute is whether the proposed counsel is

prohibited from representing the Creditors' Committee, by reason of the firm's

representation of individual Committee members.

        Joseph E. Buran is an orthopedic surgeon who previously practiced medicine

as a shareholder in Amherst Orthopedic Associates, P.C.  Apart from his interest

in Amherst Orthopedic Associates, Dr. Buran also owned 50% of the stock of

Amherst Medical Park, Inc.  At one time, Amherst Orthopedic rented space from

Amherst Medical Park.  However, a dispute arose between Dr. Buran and the co-

owner of Amherst Medical Park, with regard to a number of issues, including the dissolution of the corporation and payment of rent. Litigation ensued. For purposes of the present decision, we need not review the details of that controversy. Rather, it suffices to note that on January 31, 2005, the New York State Supreme Court granted to Amherst Medical Park a judgment in the amount of $2,531,515.80, against Amherst Orthopedic Associates as tenant and against Dr. Buran as guarantor. After Amherst Medical Park began efforts to collect on that judgment, Amherst Orthopedic Associates filed a petition for relief under chapter 11 of the Bankruptcy Code on March 15, 2005. Two days later, Dr. Buran filed his own petition for relief under chapter 11.

When Amherst Orthopedic Associates filed for bankruptcy relief, its stock was owned in equal shares by five orthopedic surgeons: Dr. Buran, Dr. Thaddeus Szarzanowicz, Dr. Michael Ostempowski, Dr. Peter Jay, and Dr. Michael Hayman. Of these physicians, only Dr. Buran owned an interest in Amherst Medical Park and only he had given his personal guarantee of the lease. By the autumn of 2006, all of the other physicians had severed their practices from that of Buran. On November 16, 2006, this court issued its order converting the case of Amherst Orthopedic Associates into a proceeding under chapter 7.

Throughout the proceedings of both Amherst Orthopedic Associates and Joseph E. Buran, the law firm of Hodgson Russ LLP has represented Doctors Szarzanowicz, Ostempowski, Jay and Hayman. In December of 2005, on behalf of three of these physicians, Hodgson Russ filed proofs of claim against the Bankruptcy Estate of Joseph E. Buran. In these claims, Szarzanowicz, Ostempowski and Hayman each seek damages in an unliquidated amount estimated to exceed $3 million.

On June 1, 2005, the Office of the United States Trustee appointed Szarzanowicz, Ostempowski, Jay and Hayman to the Official Committee of Unsecured Creditors (the "Committee") for the Estate of Joseph E. Buran. The Committee now moves for an Order authorizing its appointment of Hodgson Russ as counsel. Both in papers and orally at the hearing on the Committee's motion, the debtor has objected to the proposed appointment.

Dr. Buran contends that in representing the four physicians, Hodgson Russ took actions to advance the individual interests of its clients, and that these actions were adverse to the interests of creditors generally. In particular, the debtor observes that during the time that Amherst Orthopedic Associates was still conducting business, the doctors approved a salary structure that effectively set the post-petition earnings to which Dr. Buran would have access for use in funding a Plan of Reorganization. Hodgson Russ responds that the Committee members themselves represent substantially all of the outstanding claims other than Amherst Medical Park. In as much as Amherst Medical Park supports the application, Hodgson Russ contends that the individual physicians have no personal interests that now diverge in any material respects from the interests of creditors generally.

An unsecured creditor's committee derives its authority to select counsel from the following subdivisions of 11 U.S.C. §1103:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.
> (b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

As stated in subdivision (a), it is the committee which selects and authorizes the employment of an attorney. The court merely approves that appointment. For this reason, the presiding judge will generally approve the committee's decision, so long as the chosen counsel is otherwise qualified for service. In the present instance, Hodgson Russ is itself disinterested and has not previously represented the debtor. Overall, the proposed representation of the Committee does not by itself give rise to any basis for disqualification. Rather, the objection focuses upon adversity as between the interests of creditors generally and other interests of the four individual doctors that the firm has previously represented.

Unlike traditional notions of attorney conflict, the additional requirements of section 1103 focus not upon activities of the past but upon the prospective role of counsel. Of course, attorneys must always avoid prejudicial conflicts, such as would arise from having represented both a committee and the debtor. In most instances, however, no consequence attaches to prior representation that benefitted a specific creditor, even at the expense of creditors generally. Instead, section 1103(b) speaks only to adverse representation during the period of employment by a committee. Specifically, the statute directs that an attorney "may not, *while employed by such committee*, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. §1103(b)(emphasis added). By its language, therefore, section 1103(b) aims not to restrict the employment of committee counsel, but to limit the separate and prospective representation of individual creditors. Even in that context, the section advises that representation of specific unsecured creditors "shall not per se constitute the representation of an adverse interest."

In its prior representation of the four physicians, Hodgson Russ owed a duty to promote the interests of its clients. In a zero-sum environment, such promotion may adversely impact the interests of the debtor or other creditors.

Without more, however, prior diligent representation will not dispel the Committee's power under section 1103(a) to make its own selection of counsel. Having heard no other basis to prohibit the prospective employment of Hodgson Russ as Committee counsel, I will approve the decision to employ that firm.

Without benefit of prescience, the court will not speculate as to when any one or more individual creditors might possess an adverse interest in connection with this case. For this reason, Hodgson Russ must remain vigilant in honoring the prohibition against simultaneous representation of both the Committee and entities having an adverse interest. Pursuant to 11 U.S.C. §1103(b), it is the duty of counsel, not the court, to anticipate any conflicting representations. For the court, the proper approach is not to prohibit Committee representation, but to address any adversity among clients in the context of an application for compensation. Accordingly, 11 U.S.C. §328(c) states that "the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section . . . 1103 of this title if, at any time during such professional person's employment under section . . . 1103 of this title, such professional person . . . represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed."

The court understands the concern of the debtor, that his estate must now pay the fees of Committee counsel, even though the services of counsel may closely resemble the services that that same counsel might have performed if it had continued only as the attorneys for four individual creditors. A creditors' committee, however, fulfills an essential role within the structure of chapter 11. Accordingly, 11 U.S.C. §1102(a)(1) mandates that "as soon as practicable after the order for relief under chapter 11 of [Title 11], the United States trustee *shall* appoint a committee of creditors holding unsecured claims" (emphasis added).

Upon the appointment of the committee, 11 U.S.C. §1103(a) authorizes the employment of counsel.  Although I share the desire to control the cost of every chapter 11 proceeding, the reasonable fees of committee counsel are a necessary expense and a required cost of the opportunity for reorganization.

For all of the reasons stated herein, this court will grant the motion of the Official Committee of Unsecured Creditors to approve the appointment of Hodgson Russ LLP as its counsel.  The debtor's objection to this appointment is overruled.

So ordered.

Dated:      Buffalo, New York                    /s/   CARL L. BUCKI
            March 12, 2007                              U.S.B.J.